**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASWINDER SINGH, | No. 17-70392 |
| Petitioner, | Agency No. A205-145-375 |
| v. | |
| WILLIAM P. BARR, Attorney General, | **MEMORANDUM**\* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020\*\*
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SEEBORG,\*\*\* District Judge.

Petitioner Jaswinder Singh petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review questions of law de novo and factual findings for substantial evidence. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). Because substantial evidence supports the BIA's decision, we deny the petition for review.

Under the Immigration and Nationality Act ("INA"), the IJ may base an adverse credibility determination on the consistency of the applicant's account with his own statements and other evidence or the inherent plausibility of the applicant's testimony. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ may consider "any inaccuracies or falsehoods in [the applicant's] statements . . . without regard to whether [it] goes to the heart of the applicant's claim." *Id*. Because the IJ is in "the best position to assess demeanor and other credibility cues," *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010), "[o]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (simplified).

Substantial evidence supports the adverse credibility finding. The agency identified multiple inconsistencies in Singh's testimony regarding a central aspect of his claim: his alleged beating by rival party members. For example, in his declaration and testimony under cross examination, Singh claimed there had been another party member present during a beating, but in his testimony under direct

2

examination, Singh did not mention another member.

Singh's testimony also conflicted with the documentary evidence. He claimed that after the beating, he had remained unconscious for one day, contradicting documentary evidence from the hospital stating he was unconscious for two hours. Singh tried to explain this discrepancy by saying he was given sleep-inducing medication after waking, but this also conflicted with hospital's record evidence.

Moreover, the IJ found several aspects of Singh's testimony evasive or exaggerated. While Singh testified that he stopped members of the Congress Party and another rival political party from selling drugs and buying votes, under questioning, he claimed he had never actually seen anyone participating in these activities.

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (emphasis added). Nothing in the record compels us to accept Singh's proffered explanations for the multiple inconsistencies in his testimony. Under this "extremely deferential" standard of review, we decline to disturb the agency's adverse credibility finding. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Absent credible testimony, Singh cannot sustain his burden to demonstrate

entitlement to asylum or withholding of removal.  Nor may we reach Singh's request for relief under the CAT because Singh failed to exhaust this claim before the BIA.  *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The petition for review is **DENIED**.